**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CLAUDIO RADOCCHIA,

             Plaintiff - Appellant,

  v.

CITY OF LOS ANGELES; et al.,

             Defendants - Appellees,

  and

SONIA POWELL; et al.,

             Defendants.

No. 10-56332

D.C. No. 2:09-cv-01680-SJO-RC

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted February 16, 2012
Pasadena, California

Before: PREGERSON and BEA, Circuit Judges, and PRATT, District Judge. [**]

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Robert W. Pratt, District Judge for the U.S. District Court for Southern Iowa, sitting by designation.

Plaintiff-Appellant Claudio Radocchia appeals the district court's grant of summary judgment for Defendant-Appellees City of Los Angeles in this 42 U.S.C. § 1983 action. The parties are familiar with the facts underlying the appeal and thus we do not include them here.

Officer Monica McPartland had objective probable cause to arrest Radocchia, thus the arrest was not a violation of the Fourth or Fourteenth Amendments. *See Whren v. United States*, 517 U.S. 806, 814 (1996); *Edgerly v. City & Cnty. of San Francisco*, 599 F.3d 946, 954 (9th Cir. 2010). Because probable cause to prosecute is also objective and is an absolute defense against a malicious prosecution claim, Radocchia's malicious prosecution claim likewise fails. *Lassiter v. City of Bremerton*, 556 F.3d 1049, 1054–55 (9th Cir. 2009).

There was no triable issue of fact that McPartland fabricated evidence, *see Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001), or that McPartland violated Radocchia's equal protection rights because he was male or Mexican-American.

Radocchia's Fifth Amendment rights were not violated by McPartland's failure to give him *Miranda* warnings because there is no free-standing *Miranda* right: for a Fifth Amendment violation to occur, an interrogation must be used in a criminal proceeding. *Chavez v. Martinez*, 538 U.S. 760, 767 (2003). Radocchia's

interrogation was not used in a criminal proceeding because it did not form the basis of a criminal charge. *Stoot v. City of Everett*, 582 F.3d 910, 925 (9th Cir. 2009). In addition, Radocchia was not in custody during his interrogation. *United States v. Coutchavlis*, 260 F.3d 1149, 1157–58 (9th Cir. 2001); *Stansbury v. California*, 511 U.S. 318, 322 (1994).

McPartland is entitled to qualified immunity because reasonable police officers could conclude there was probable cause for Radocchia's arrest by McPartland. *Rosenbaum v. Washoe County*, 663 F.3d 1071, 1078 (9th Cir. 2011).

No *Monell* claim survives against the City of Los Angeles because no claim survives against McPartland acting within the scope of her employment. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

Radocchia's conspiracy claims similarly fail because, as described above, he was not deprived of any constitutional rights.

Radocchia's state law claims are all time-barred for failure to file administrative claims within 6 months of his arrest, *see* Cal. Gov. Code §§ 911.2, 945.4, save his claim for malicious prosecution, which is barred by the finding that there was probable cause for his arrest, *Lassiter*, 556 F.3d at 1054–55.

The district court's grant of summary judgment as to all of the foregoing claims is therefore AFFIRMED.

However, to the extent that Radocchia brings state law claims against McPartland individually acting outside the scope of her employment, those claims are not barred by the existence of probable cause, the plaintiff's failure timely to file administrative claims under Cal. Gov. Code § 911.2, *see Hoff v. Vacaville Unified Sch. Dist.*, 19 Cal. 4th 925, 932 (1998), nor the governmental immunity of Cal. Gov. Code § 821.6, *see Soliz v. Williams*, 74 Cal. App. 4th 577, 582 (1999). In particular, Defendant-Appellee's counsel admitted at oral argument that McPartland was not acting within the scope of her employment when she recommended to Stacy Gonsalves that Radocchia lose his job as a baby-sitter. Defendant-Appellee's counsel made no such admission with respect to Radocchia's other state law claims alleged against McPartland individually, and thus we do not comment on the merits of these claims. Therefore, the district court's grant of summary judgment with respect to all state law claims against McPartland individually acting outside the scope of her employment is REVERSED and REMANDED for further proceedings consistent with this disposition.

Each side to bear its own costs.

**AFFIRMED IN PART, REVERSED AND REMANDED IN PART.**

4